IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEVI LOYD HARVEY,

        Petitioner,

    v.                         CASE NO.  11-3154-SAC

RAY ROBERTS, et al.,

        Respondent.

O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas.  Mr. Harvey has also filed a motion to proceed in forma pauperis (Doc. 2).  His financial information indicates that this motion should be granted.

Mr. Harvey was convicted in the District Court of Sedgwick County, Wichita, Kansas upon his pleas in three separate criminal cases involving drug offenses.  He was sentenced on August 19, 2009, to "30 months prison suspended 12 months . . . probation."  On December 9, 2009, probation was revoked and he was ordered to serve his underlying prison sentence of 30 months.  He claims that he was coerced into waiving preliminary hearing and pleading guilty by his appointed counsel, there was insufficient evidence of his guilt, and his plea was not knowing and intelligent.[1]  He also claims that the judge did not abide by the sentencing guidelines.  He seeks

---

[1]     Mr. Harvey states that he has a civil complaint currently pending in this court and cites Case No. 11-3139; however, his reason for citing this case is not at all clear.  In Case No. 11-3139 he alleges excessive force during his arrest.  There is no claim against his counsel or challenge to his guilty pleas.  Nor could there be, since Case No. 11-3139 is a civil rights complaint, and challenges to convictions may only be raised in a habeas petition.

exoneration and restitution for illegal incarceration.[2]

Petitioner alleges that he appealed his probation revocation to the Kansas Court of Appeals (KCA), and that this appeal is currently pending.  28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B).  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. That means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

It is clear from the face of the petition that Mr. Harvey has not fully exhausted the remedies available to him in the state courts on the claims presented in his federal petition.  His claims before the KCA have not been determined, and he has not presented any of his claims to the Kansas Supreme Court.  If he is complaining that the appeal before the KCA is taking too long, that is a matter that first must be presented to the state appellate courts.  The

---

[2]   Monetary compensation is not properly sought as relief in a habeas petition.  See also Heck v. Humphrey, 512 U.S. 477 (1994).

federal court does not sit as a super appellate court over the state courts.  Any claim that his counsel on direct appeal is ineffective must also be fully exhausted in state court.

The sparse facts that Mr. Harvey alleges do not establish that his state court remedies are ineffective.  His complaints to the Disciplinary Administrator's Office and Kansas Commission on Judicial Performance are not a substitute for proper exhaustion of state court remedies.

Petitioner alleges that several issues he wanted to present were not raised on direct appeal due to his appointed counsel's discretion.  He also alleges that he has not filed a motion pursuant to K.S.A. § 60-1507 in the state courts.  Mr. Harvey may not proceed in federal court until he has exhausted every constitutional issue he has in state court.  It appears that he could attempt to exhaust any issues that were not raised on direct appeal by filing a 60-1507 motion in the sentencing court.  If that motion is denied, he could appeal to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.  It thus plainly appears that Mr. Harvey not only has a direct appeal pending, but post-conviction remedies still available.  The court concludes that this action must be dismissed due to Mr. Harvey's failure to exhaust all available state court remedies.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, due to petitioner's failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2011, at Topeka, Kansas.




                                        s/Sam A. Crow
                                        U. S. Senior District Judge